```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY


JAMES ANTHONY BARNES,            :
                                 :   Civil Action No. 11-3554 (FLW)
              Plaintiff,         :
                                 :
         v.                      :   **MEMORANDUM OPINION**
                                 :
MERCER COUNTY CORRECTION         :
CENTER, et al.,                  :
                                 :
              Defendants.        :
```

**APPEARANCES**:

    JAMES ANTHONY BARNES, Plaintiff pro se
    #507188
    Mercer County Correction Center
    P.O. Box 8068
    Lambertville, New Jersey 08610

**WOLFSON**, District Judge

    Plaintiff James Anthony Barnes, a state inmate presently confined at the Mercer County Detention Center in Lambertville, New Jersey, seeks to bring this civil action in forma pauperis, pursuant to 28 U.S.C. § 1915. For the following reasons, Plaintiff's request to proceed in forma pauperis will be denied.

## BACKGROUND

    Plaintiff's Complaint alleges a mostly unintelligible claim against the Mercer County Correction Center ("MCCC"), the Keefee Commissary and MCCC Guard Coleman,[1] complaining that on December

---

[1] The docket report incorrectly lists the Trenton Police Department, Trenton State Prison, Rahway State Prison and South

21, 2010 and December 28, 2010, he was overcharged for items and some items were damaged that he had purchased from the commissary at MCCC.  He states that he has informed Internal Affairs and other officials about these complaints.  He also generally complains that he should not be housed on "R.N.D. floor" and that he was sexually assaulted.[2]  He further contends that the commissary does not provide razors, brushes and shower shoes, in violation of New Jersey state laws.  (Complaint, ¶¶ 4, 5 and 6).  Plaintiff seeks to be compensated and all monies overcharged or stolen from him returned.  (Complaint, ¶ 7).

## DISCUSSION

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil

---

Woods State Prison as defendants in this matter.  The Court notes that this was an entry error as these defendants were listed in Plaintiff's present Complaint as named defendants in prior lawsuits.  (Complaint, ¶ 2a).  There are no allegations asserted against these defendants in the instant Complaint.  Therefore, the Court will direct the Clerk of the Court to correct the docket by deleting these defendants accordingly.

[2]  Although Plaintiff provides dates and details with respect to his claims concerning the commissary overcharges and damaged items, Plaintiff does not allege any facts with respect to allegation that he was sexually assaulted.  He does not state when the assault occurred, nor does he state whether the assault was committed by another inmate.  Thus, it is not clear whether he is making any claims with respect to the alleged sexual assault.

action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)). A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury." Id. When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals plaintiff has filed numerous civil actions in the District of New Jersey. At least three of these actions have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A. See, e.g., Barnes v. Mercer County Court House, Civil No. 07-1194 (FLW); Barnes v. Trenton State Prison

Medical Department, Civil No. 09-1604 (GEB); Barnes v. Trenton Police Department, Civil No. 09-5934 (JAP).

Accordingly, Plaintiff has reached the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g).

In his Complaint, Plaintiff makes no allegations or claims of "imminent danger." Rather, the allegations of the Complaint appear to be limited to past incidents of commissary overcharges and damaged goods in December 2010, and one past incident of a general, unarticulated allegation of sexual assault. As referenced above, the threat of imminent danger must be prospective and cannot relate to a past incident of harm as alleged here. See Abdul-Akbar, 239 F.3d at 312. Therefore, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed in forma pauperis.

This Court makes no findings as to whether or not Defendant has violated any state or federal law, or otherwise violated Plaintiff's constitutional rights. However, this Court finds

4

that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of § 1915(g).

## **CONCLUSION**

Based on the foregoing, Plaintiff's request to proceed in forma pauperis will be denied, pursuant to 28 U.S.C. § 1915(g).  As set forth in the accompanying Order, Plaintiff's case will be administratively terminated.  Upon submission of the filing fee within 30 days, Plaintiff may move to reopen his case, if he so chooses.

                                                S/Freda L. Wolfson
                                                FREDA L. WOLFSON
                                                United States District Judge

Dated: July 20, 2011